IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-456-FL

| | |
|---|---|
| DAVID R. CORBIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND |
| CHIEF JUSTICE LYNN JOHNSON, ) | RECOMMENDATION |
| CHIEF JUSTICE ELIZABETH KEEVER, ) | |
| JUDGE KIMBERLY TUCKER, JUDGE ) | |
| ABRAHAM JONES, ELLEN HANCOCK, ) | |
| and DAWN DRIGGERS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motions filed by Defendants. Defendant Driggers has moved to dismiss the complaint for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). [DE-13]. Defendants Johnson, Keever, Tucker, Jones and Hancock have moved the court to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted pursuant to Fed. R Civ. P. 12(b)(1), (2), (5) and (6). [DE-20]. Plaintiff has responded to the motions and the matters are ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motions are considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, it is recommended that Defendants' motions be allowed and the complaint be dismissed with prejudice.

# I. STATEMENT OF THE CASE AND FACTS

## A. Plaintiff's Complaint

Plaintiff David R. Corbin ("Plaintiff") is a North Carolina resident and has filed suit complaining of "discrimination against the rights of low income person[]." Compl. [DE-1] at 1, 2. The alleged basis of the court's subject matter jurisdiction over the alleged dispute is "civil rights." *Id.* at 2. Plaintiff has named as defendants to this federal court action Judge Lynn Johnson, Judge Elizabeth Keever, Judge Kimberly Tucker, of the Cumberland County Court, Judge Abraham Jones of the Wake County Court, Ellen Hancock of the Cumberland County Court and Dawn Driggers of the Fayetteville Metropolitan Housing Authority ("Housing Authority").[1] *Id.* Plaintiff seeks punitive damages in the amount of $75,000.00 against each defendant and compensatory damages in the amount of $75,000,000,000.00. *Id.* at 4.

Plaintiff's complaint arises from the alleged violation of his civil rights by the "misconduct of our court system in the discrimination against low income pro se" persons by judges, district attorneys, court staff, the Housing Authority and "surrounding agencies employed by the city and state." [DE-1-1] ¶¶ 1, 2. Plaintiff complains further about the North Carolina Bar Association, the Social Services Departments of Bladen and Cumberland counties and the courthouses of Wake, Bladen and Cumberland counties. *Id.* ¶ 3.

Plaintiff alleges that he is a low-income single parent and "the Cumberland County Social Services ("DSS") and Cumberland County Schools have conspired together to have certain low-income single parent's children to attack them." *Id.* ¶ 4. According to the complaint, DSS and

---

[1] Neither Hancock's role within the Wake County Court nor Driggers' role with the Housing Authority is identified in the complaint. Furthermore, no factual allegations have been made specifically against either Defendant.

2

Cumberland County Schools "ask the children to find family members to hide them so that they can quit school." *Id.* ¶ 5. DSS has removed children from the custody of their parents which has in turn caused parents to lose their home. *Id.* ¶¶ 6, 7. Plaintiff alleges also that these actions resulted in the death of an individual in 1997 and several attempts on his life since 1995. *Id.* ¶ 7. Plaintiff alleges the court system "protects the defendant from any misconduct that they do to discriminate against low-income pro-se victims." *Id.* ¶ 9. Plaintiff alleges further that on January 6, 2009, DSS "falsified a document to protect the school" and appointed Attorney Brown ("Brown") to represent Plaintiff. *Id.* ¶ 10. According to Plaintiff, Brown ignored Plaintiff's case unless DSS "needed more information." *Id.* ¶ 11. Brown was also responsible for an "attack" on Plaintiff's witness and assaulted Plaintiff. *Id.* ¶ 12. Plaintiff subsequently filed a grievance with the North Carolina State Bar against Brown for misconduct. *Id.* ¶ 13. During the state bar investigation, Brown "had the time and opportunity to harass other low-income victims and he became more intimidating and used different agencies." *Id.* ¶ 15. Plaintiff's allegation includes the statement "Title 18 USC Section 241 Conspiracy against Rights." *Id.*

On July 29, 2009, Plaintiff filed a lawsuit in state court in Wake County against Brown ("state court action"). *See id.* ¶¶ 16, 18. According to Plaintiff, the Wake County filing clerk knew Plaintiff "wanted to file a civil action requesting a jury trial" and Plaintiff paid the court $110. *Id.* ¶ 17. According to Plaintiff, Brown failed to file a motion in the state court action within "20-30 days" and Plaintiff filed a "motion to go forward" on August 28, 2009. *Id.* ¶¶ 18, 19. Plaintiff was informed by Wake County Trial Court Coordinator Bailey that Plaintiff must "show a copy of the certificate of service," which was shown on September 1, 2009, at which time Brown had made no filings in the case. *Id.* ¶ 19. Brown's attorney, Gene Tanner ("Tanner"), mailed a letter on

3

September 2, 2009, which Plaintiff describes as a "violation that a document was falsified on August 26, 2009." *Id.* ¶¶ 20, 24. Plaintiff advised Trial Court Coordinator Bailey of these "change of events" and she advised "it was to be brought before a judge on October 26, 2009." *Id.* ¶ 21. Plaintiff's motion was not heard by the court on that date, which Plaintiff attributes to Tanner's influence. *Id.* ¶ 22. On October 26, 2009, Trial Court Coordinator Tucker advised Plaintiff she did not know the reason Plaintiff's motion was not heard, but that motion would be rescheduled to be heard by the court on November 16, 2009. *Id.* ¶ 23. Tanner filed a motion to change venue after Plaintiff's motion had been filed; Tanner's motion was scheduled on the court's November 16, 2009 calendar rather than Plaintiff's motion. *Id.* ¶ 24. Brown and Tanner then began to intimidate Plaintiff through the DSS. *Id.* ¶ 25.

At the November 16, 2009 hearing before Judge Jones in Wake County Superior Court, Plaintiff attempted to argue his "motion to go forward," but Judge Jones told Plaintiff the court could only hear the motion to change venue. *Id.* ¶ 27. Plaintiff alleges the Trial Court Coordinator had deliberately planned this action. *Id.* Both Brown and Plaintiff presented their respective motions to the court and Judge Jones "stated that he would assure []Plaintiff [] that the judge in this matter would not be a Cumberland County court official." *Id.* ¶ 28. Judge Jones also told Plaintiff that "a jury trial would take place". *Id.* Plaintiff asked Judge Jones "to keep out the Head of Chief District Court Honorable Judge Elizabeth Keever." *Id.* ¶ 29. Judge Jones advised that the "motion would be sent on November 24, 2009." *Id.*

Thereafter, Plaintiff attempted to telephone Trial Court Coordinators Bailey and Tucker to ensure that "the change of venue was to stay in Wake County" but his calls were ignored. *Id.* ¶ 31. The "Cumberland County Courthouse called the filing clerk and Ms. Kim stated that there was no

4

file for David Corbin vs. Attorney William Brown." *Id.* Plaintiff alleges that "[b]ecause of the misconduct of Wake and Cumberland County Courthouses the plaintiff filed two motions [:] Motion to award settlement and Objections to Memorandum and Recommendation file, case number 09CVS11256/09CVD14482." *Id.* ¶ 32. Plaintiff contends each of these motions stated a claim for relief. *Id.*

Plaintiff asked Judge Johnson to make an audio recording of the proceedings which Judge Johnson denied. *Id.* ¶ 33. According to Plaintiff, the Housing Authority evicted him from his "low-income apartment on a bogus technicality" and has repeatedly harassed him from August 19, 1998 until his eviction in September 2010. *Id.* ¶ 34. Additionally, according to Plaintiff, the Housing Authority manipulated Judge Tucker into intimidating Plaintiff "by denying the presentation of evidence in the proceedings," evidence which would have shown that the Housing Authority was "abusing its power and crippling the low-income citizens." *Id.* ¶ 35.[2]

**B.     Plaintiff's Complaint in *David R. Corbin v. Johnson et al.*, No. 5:11-CV-148-FL ("*Corbin I*")**

Prior to Plaintiff's pending complaint, on March 31, 2011, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") along with a proposed complaint in a separate lawsuit. *See*

---

[2]Several documents are attached to the complaint. In particular, the exhibits include (1) letters to the United States and North Carolina Attorney General seeking assistance in taking "legal action" on behalf of "low income person[s]" [DE-1-2 , DE-1-3]; (2) correspondence between Plaintiff and Housing Authority personnel concerning the condition of Plaintiff's home and Plaintiff's complaints about Housing Authority personnel entering his home [DE-1-4 at 1, 5, 6, 9, 10, 17 and 21]; (3) correspondence with officials of Cumberland County regarding the mental health treatment of Plaintiff's daughter [DE-1-4 at 3, 5, and 11]; (4) results of housekeeping inspections of Plaintiff's home by Housing Authority personnel [DE-1-4 at 4, 13, 14, 18, 19, 20, and 22]; (5) Plaintiff's written complaint to the Housing Authority about young girls harassing Plaintiff's daughter and Plaintiff's complaints about a neighbor [DE-1-4 at 7-8]; and (6) correspondence from the Housing Authority advising Plaintiff that his failure to perform community service as required by his lease agreement may result in termination of his lease. [DE-1-4 at 12, 15, and 16].

5

*Corbin v. Johnson et al.*, No. 5:11-CV-148-FL [DE-1-1]. Plaintiff's proposed complaint in *Corbin I* is identical to the complaint in the present case. Plaintiff's complaint contains the same factual and legal allegations as the complaint now before the court. Moreover, the defendants named in *Corbin I* are the same defendants named in the complaint now before the court, and Plaintiff seeks the same relief now as he sought in *Corbin I*. In the prior lawsuit, Plaintiff's IFP motion and complaint were referred to this court for review in accordance with 28 U.S.C. § 1915. Upon review of Plaintiff's motion and proposed complaint, this court entered an order allowing Plaintiff's IFP motion and recommended to the District Court that Plaintiff's complaint be dismissed for failing to state a claim for which relief may be granted. *See Corbin v. Johnson at el.*, No. 5:11-CV-148-FL, 2011 U.S. Dist. LEXIS 57993, at *13, 2011 WL 1930632, at *5 (E.D.N.C. Apr. 21, 2011) (Order & Memorandum and Recommendation) ("M&R"). In its review of the record, the District Court found no error in this court's analysis of Plaintiff's complaint and adopted the findings and recommendation as its own, dismissing the complaint pursuant to 28 U.S.C. § 1915(e). *Corbin v. Johnson et al.*, No. 5:11-CV-148-FL, 2011 U.S. Dist. LEXIS 58075, at *3, 2011 WL 1930685, at *1 (E.D.N.C. May 19, 2011) (Order).

## II. STANDARD OF REVIEW

Defendants have moved to dismiss the complaint pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure.[3] The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to

---

[3]This court finds Defendants' motions may be resolved on 12(b)(6) grounds, which has been briefed by all defendants, and therefore does not address other defenses raised by some defendants.

dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n. 26 (4th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 180 (4th Cir. 2000).

The standard for evaluating sufficiency of the pleading in the instant case is particularly flexible because "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 93 (internal citation omitted). Nonetheless, a pro se plaintiff may not simply present conclusions to the court, but must "allege with specificity some minimum level of factual support" for her claim in order to avoid dismissal. *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989); *see also Weller v. Dep't of Soc. Serv.*, 901 F.2d 387, 391 (4th Cir. 1990) ("While pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.") (internal quotations and citations omitted).

7

## III. ANALYSIS

### A. Plaintiff's Complaint is barred by *res judicata*.

The court may raise the issue of *res judicata sua sponte* in "special circumstances." *See Arizona v. California*, 530 U.S. 392, 412 (2000). The special circumstances exist where, for example, the court is "on notice that it has previously decided the issue presented." *Id.* (noting judicial initiative raising the defense of *res judicata* warranted where its exercise is consistent with the underlying policy of avoiding "unnecessary judicial waste") (citation omitted); *accord Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006); *see e.g., Doe v. Pfrommer*, 148 F.3d 73, 80 (5th Cir. 1998) (concluding that policy of "avoiding relitigation" justified *sua sponte* consideration of defense of collateral estoppel). This court is well aware of Plaintiff's claims. Indeed, extensive judicial resources have been expended by this court in its consideration of these very same claims when presented in *Corbin I*, in this court's issuance of its M&R to the District Court, followed by consideration by the District Court along with Plaintiff's objections to the M&R. Because this court is on notice that it has previously decided the issues presented, and in the interest of avoiding further expending of valuable court resources on the relitigation of these claims, the court finds that raising the defense of *res judicata* on its own initiative is appropriate. *See Arizona*, 530 U.S. at 412.

Federal courts have long adhered to the doctrine of *res judicata*, in which "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Fourth Circuit has articulated three elements that must be present for *res judicata* to prevent a party from raising a claim: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Ohio Valley Envtl. Coalition*

*v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)).

All three elements necessary for *res judicata* to apply are present in this matter. First, there has been a final judgment on the merits where the District Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) because it failed to state a claim for which it could be granted. *See Corbin*, No. 5:11-CV-148-FL, 2011 U.S. Dist. LEXIS 58075, at *3, 2011 WL 1930685, at *1 (Order adopting M&R). A dismissal with prejudice is an adjudication on the merits for purposes of *res judicata*. *Dolgaleva v. Va. Beach City Pub. Sch.*, 364 Fed. Appx. 820, 826 (4th Cir. 2010); *Harris v. County of Wake*, 2011 U.S. Dist. LEXIS 143242, at *7, 2011 WL 6307824, at *3 (E.D.N.C. Dec. 13, 2011) ("The Fourth Circuit has held that a claim dismissed pursuant to § 1915 has a *res judicata* effect on a subsequent action where the first action was adjudicated on the merits.") (citing *Hemphill v. Beasley*, 944 F.2d 901, 1991 U.S. App. LEXIS 22710, at *3, 1991 WL 191370, at *1 (4th Cir. Sep. 30, 1991)); *see, e.g., Cieszkowska v.. Gray Line New York*, 295 F.3d 204 (2d Cir. 2002) (giving *res judicata* effect to a prior suit which had been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted and hence barring a second suit which the District Court dismissed "for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) because the complaint was barred by *res judicata*"); *Zochlinski v. Univ. of California*, 2005 WL 2417649, *6 (E.D. Cal. Sept. 7, 2005) ("Since a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a judgment on the merits ... the same is true of a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)."); *see Cobbs v. Bottling Grp., LLC*, 4:11-CV-11, 2011 U.S. Dist. LEXIS 76421, at *12-13, 2011 WL 2838117, at *5 (W.D. Va. Jul. 15, 2011) (observing that a denial of *in forma pauperis* status is not *res judicata* for future complaints raising

same claim against same defendant, but when the court allows a plaintiff *in forma pauperis* status then dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the plaintiff may not refile that same claim against the same defendant) (citations omitted).

The present action meets the "same cause of action" requirement because it arises out of the same transaction as the earlier lawsuit. The test used to determine if causes of action are the same is whether the claim in the current litigation "'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'" *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir.1999)). The current complaint meets this requirement because Plaintiff's earlier action arose out of the same transaction as the case at bar. In both suits, Plaintiff has alleged the same unfair treatment regarding his state court action. Thus, the same cause of action requirement is met. Finally, the case meets the "same parties" requirement because the defendants in the present case were also defendants in *Corbin I*. Because all of the requirements for the doctrine of *res judicata* to apply are satisfied, Plaintiff's lawsuit is barred as to all claims previously raised or that could have been raised in previous litigation.

**B.    Alternatively, Plaintiff's Complaint fails to state a claim upon which relief can be granted.**

Adhering to the principle that *pro se* pleadings should not be held to the same stringent standards as those of attorneys, this court has construed liberally the allegations contained in Plaintiff's complaint. However, even affording Plaintiff a deferential examination of the allegations, this court finds that his claims must be dismissed for failing to state a claim for which relief may be granted. Plaintiff's complaint is marked by a lack of specificity and clarity, making it difficult to ascertain the precise nature of his claim. In fact, many of the factual allegations in the complaint

10

touch upon entities or individuals whom Plaintiff has failed to include as a defendant to this lawsuit.[4] The court has therefore limited its analysis to those parties Plaintiff has named as a defendant.

In that regard, Plaintiff's allegations focus on the state court action and Plaintiff's perceived unfairness of that proceeding. In particular, Plaintiff complains that the Wake County Trial Court Coordinator sabotaged a motion Plaintiff filed when the motion was inexplicably not calendared to be heard by the state court judge. Plaintiff has alleged however that the motion was in fact ultimately heard by the court. [DE-1-1] ¶ 28. Plaintiff appears to allege that his civil rights were violated further when his case was allegedly manipulated by the court or clerk in Wake and Cumberland counties regarding the status of the state court action. Plaintiff alleges further that he has been harassed and evicted by the Housing Authority on a "bogus technicality" but has failed to identify how eviction was unlawful and how the Housing Authority manipulated the court system to harass him.

Construing Plaintiff's claims liberally as claims of civil rights violations by government officials, Plaintiff's claims arise under 42 U.S.C. § 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S.701, 735 (1989) ("[T]he express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor") (citation omitted); *see West v. Atkins*, 487 U.S. 42, 49 (1988) ("[S]tate employment is generally sufficient to render the defendant a state actor") (citation omitted); *Monell v. Dep't of Soc. Srvcs. of New York*, 436 U.S. 658, 690 (1978). Section 1983 imposes liability on

---

[4] The complaint contains allegations concerning the following entities or persons Plaintiff has failed to name as defendant to this instant lawsuit: DSS, Cumberland County Schools, Brown, Tanner, Wake County Courthouse and Cumberland County Courthouse.

Case 5:11-cv-00456-FL Document 25 Filed 02/24/12 Page 11 of 14

anyone who, under the color of state law, deprives a person "of any rights, privileges, or immunities secured by he Constitution and laws." 42 U.S.C. § 1983. However, section 1983 is not a "source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (citations omitted). Thus, to state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under the color of state law. *West*, 487 U.S. at 49-50. Plaintiff's complaint fails to identify a federal right guaranteed by the federal constitution or laws of the United States.

Additionally, within the complaint, Plaintiff has cited to Title 18 U.S.C. § 241, without including any supporting factual allegations. To the extent Plaintiff seeks to assert a claim under this federal statue, such claims must be dismissed, as this federal criminal statue does not authorize a private right of action. *Corbin*, 2011 WL 1930685, at *1 (citing *Johnson v. Thomas*, No. 4:10-CV-151-BR, 2011 U.S. Dist. LEXIS 38721, 2011 WL 1344008, at *5 (E.D.N.C. Apr. 8, 2011)); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009) (dismissing civil claims brought by plaintiff pursuant to 18 U.S.C. § 241 and § 242 because neither criminal statute authorizes a private cause of action) (subsequent citations omitted). In addition, Plaintiff has failed to allege facts from which the court could reasonably conclude that any defendant named in this action committed the crimes defined by 18 U.S.C. § 241. *See Johnson*, 2011 U.S. Dist. LEXIS 38721, at *15-16, 2011 WL 1344008, at *5.

Finally, to the extent Plaintiff seeks recovery based on the alleged actions of Defendant Judges Johnson, Keever, Tucker and Jones, these defendants enjoy absolute judicial immunity under

the facts alleged in the complaint. *Corbin*, 2011 U.S. Dist. LEXIS 58075, at *2, 2011 WL 1930685, at *1 (citing *Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976)(a judge may not be attacked for exercising judicial authority even if done improperly)); *see Green v. North Carolina*, No. 4:08-CV-135-H, 2010 U.S. Dist. LEXIS 100027, at *9, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010) (claims against North Carolina Superior Court Judge and/or clerk of court within their capacities as judicial officers is barred by doctrine of judicial immunity).

## C. Plaintiff's Request for Legal Representation

As part of his complaint, Plaintiff requests assistance in securing legal representation. [DE-1-1] at 10. There is no constitutional right to counsel in a civil case, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional" circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant*, 739 F.2d at 163 (quotation omitted). The facts of this case and Plaintiff's abilities do not present exceptional circumstances warranting the appointment of counsel. To the extent Plaintiff's request for legal representation may be construed as a motion to this court to appoint counsel, Plaintiff's motion is denied as moot, or in the alternative, denied as without merit for the reasons set forth above.

## IV. CONCLUSION

For the reasons stated above, this court RECOMMENDS that the underlying complaint be dismissed with prejudice on the grounds that it is barred by *res judicata* or, alternatively, for failing to state a claim for which relief may be granted. Plaintiff's request for the appointment of counsel

13

is denied.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 24th day of February, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge